# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM A. GORNEY, | : | Civil No. 1:18-CV-00009 |
| Plaintiff, | : | |
| v. | : | |
| | : | Judge Jennifer P. Wilson |
| MEGAN J. BRENNAN, Postmaster General, | : | |
| Defendant. | : | Magistrate Judge Martin C. Carlson |

## **MEMORANDUM**

This is an employment discrimination case brought by an individual who was formerly employed as a clerk by the United States Postal Service ("USPS"). Plaintiff William A. Gorney ("Gorney") alleges that he was discriminated against on the basis of age and sex and subjected to retaliation while he was employed by the USPS. Defendant Megan J. Brennan ("Brennan" or "Defendant"), who is sued in her official capacity as the Postmaster General of the USPS, has filed a motion for summary judgment. The motion for summary judgment, a report and recommendation addressing the motion from United States Magistrate Judge Martin C. Carlson, and Defendant's objections to the report and recommendation are currently before the court. (Docs. 27, 41–42.) For the reasons that follow, Defendant's objections are overruled, the report and recommendation is adopted in its entirety, and Defendant's motion for summary judgment is granted in part and denied in part.

1

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## Procedural History

Gorney initiated this case by filing a complaint on January 2, 2018 against Brennan in her official capacity. (Doc. 1.) The complaint alleges that Gorney was discriminated against on the basis of his age and sex when the USPS disciplined him for his job performance on March 5, 2009, and May 11, 2009. (*Id.*) The complaint alleges that Gorney was subjected to a hostile work environment and constructively discharged from his job because of his age and sex. (*Id.*) The complaint also alleges that Gorney was subjected to retaliation because he filed complaints with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*) The complaint raises claims for discrimination, hostile work environment, and constructive discharge under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act ("ADEA"), as well as a retaliation claim under 42 U.S.C. § 2000e-3(a). (*Id.*) Defendant answered the complaint on June 13, 2018. (Doc. 10.)

On July 2, 2019, Defendant filed a motion for summary judgment along with a supporting brief and a statement of material facts. (Docs. 27–29.) Gorney filed an answer to the statement of material facts on September 20, 2019, and a brief in opposition to the motion on September 23, 2019. (Docs. 36–37.) Defendant filed a reply brief in support of the motion on October 21, 2019. (Doc. 40.)

Defendant's motion for summary judgment argues that summary judgment is appropriate on Gorney's sex discrimination, hostile work environment, and constructive discharge claims because Gorney failed to exhaust his administrative remedies before filing suit in federal court. (Doc. 28 at 24–28.) The motion further argues that summary judgment is appropriate as to all of Gorney's claims because Gorney has failed to establish a prima facie case in support of his claims. (*Id.* at 28–37.) Finally, the motion argues that summary judgment is appropriate because Defendant has established a legitimate nondiscriminatory reason for Gorney's treatment. (*Id.* at 37–43.)

Judge Carlson addressed the motion for summary judgment in a report and recommendation on November 1, 2019. (Doc. 41.) Defendant objected to the report and recommendation on November 15, 2019. (Doc. 42.) The case was reassigned to the undersigned to act as the presiding judge on November 19, 2019. Gorney then filed a brief opposing Defendant's objections on December 2, 2019, and Defendant filed a reply brief on December 16, 2019. (Docs. 43–44.)

**THE REPORT AND RECOMMENDATION AND DEFENDANT'S OBJECTIONS**

Judge Carlson's report and recommendation addresses the Defendant's motion for summary judgment. A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, Judge

4

Carlson recommends granting the Defendant's motion for summary judgment in part and denying it in part.

Judge Carlson first addresses Defendant's failure-to-exhaust argument. (Doc. 41 at 13.) He finds that Gorney failed to exhaust his administrative remedies as to his claims for hostile work environment, constructive discharge, and retaliation arising out of his 2009 EEOC activity, but finds that Gorney did exhaust his administrative remedies as to his sex discrimination claim. (*Id.* at 13–18.)

Turning to the merits of the case, Judge Carlson concludes that Gorney's age discrimination claim should survive summary judgment. (*Id.* at 18–23.) Viewing the facts of the case through the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), Judge Carlson first concludes that Gorney has established a prima facie case of age discrimination because he has produced evidence showing that he was over 40 years of age, that he was qualified for his position, that he suffered an adverse employment action, and that younger employees were treated differently than he was. (Doc. 41 at 21–22.) At the second step of the *McDonnell Douglas* framework, Judge Carlson concludes that Defendant has proffered a legitimate nondiscriminatory reason because she has produced evidence showing that Gorney was disciplined for his failure to follow correct procedures. (*Id.* at 22.) Finally, at the third step of the *McDonnell Douglas* framework, Judge Carlson concludes that Gorney has

5

produced sufficient evidence for a reasonable factfinder to conclude that Defendant's proffered legitimate nondiscriminatory reason was pretext for discrimination. (*Id.* at 22–23.) Specifically, Judge Carlson notes that Gorney has produced evidence showing that he and other older employees were disciplined for failing to follow procedures, while younger individuals were not disciplined for the same failures. (*Id.*)

Although Judge Carlson concludes that there is sufficient evidence for Gorney's age discrimination claim to survive summary judgment, he reaches the opposite conclusion with regard to Gorney's sex discrimination claim. Judge Carlson concludes that the first two steps of the *McDonnell Douglas* framework are met because Gorney has established a prima facie case of sex discrimination and Defendant has proffered a legitimate nondiscriminatory reason for Gorney's treatment, but concludes that Gorney fails to meet his burden at the third step of the *McDonnell Douglas* framework because he has not produced sufficient evidence of pretext. (*Id.* at 25–26.) Judge Carlson notes that the evidence supporting Gorney's age discrimination claim undermines his sex discrimination claim, because the evidence shows that two younger employees, one of whom was male and the other of whom was female, were not disciplined for conduct for which Gorney was disciplined. (*Id.*) Thus, although a reasonable factfinder could conclude that employees were treated differently on the basis of age, Judge Carlson

6

concludes that the factfinder could not reach the same conclusion with regard to sex because the evidence Gorney produced showed that younger male and female employees were treated the same as one another. (*Id.* at 26.)

Finally, Judge Carlson concludes that Defendant is entitled to summary judgment as to Gorney's retaliation claim. (*Id.* at 26–31.) Judge Carlson notes that Gorney's retaliation claim is based on protected EEOC activity in 1996 and 2009, but that the claim was not exhausted with regard to the 2009 EEOC activity. (*Id.* at 29.) In analyzing the retaliation claim exclusively based on the 1996 EEOC activity, Judge Carlson concludes that Gorney cannot establish sufficient causation to prove a retaliation claim given the attenuated time connection between his protected activity and the alleged retaliation, as well as the lack of evidence of a pattern of antagonism. (*Id.* at 29–31.)

Defendant raises three objections to Judge Carlson's recommendation that Gorney's age discrimination claim survive summary judgment. First, Defendant argues that Gorney has failed to establish that he suffered an adverse employment action. (Doc. 42 at 2–4.) Second, Defendant argues that Gorney has failed to establish that he was treated less favorably than younger employees. (*Id.* at 4–6.) Finally, Defendant argues that Gorney has failed to establish that Defendant's proffered legitimate nondiscriminatory reason was a pretext for discrimination. (*Id.* at 6–8.) Although Defendant raises these objections to Judge Carlson's age

7

discrimination recommendation, neither party objects to Judge Carlson's other recommendations.

Gorney opposes Defendant's objections, arguing that he suffered an adverse employment action because the discipline that the USPS imposed on him tangibly altered the conditions of his employment. (Doc. 43 at 4.) Gorney further argues he has produced sufficient evidence to rebut Defendant's proffered legitimate nondiscriminatory reason and allow a factfinder to find that he was discriminated against on the basis of age. (*Id.* at 5.) Defendant's reply brief reiterates her objections to Judge Carlson's report and recommendation. (Doc. 44.)

## DISCUSSION

At the outset, the court will address the portions of Judge Carlson's report and recommendation to which no objections have been raised. Because the only objections raised pertain to Gorney's age discrimination claim, the court reviews all other portions of Judge Carlson's report and recommendation only for clear error. *See Univac Dental Co.*, 702 F. Supp. 2d at 469. Having conducted such a review, the court finds no clear error on the face of the record and adopts those portions of Judge Carlson's report and recommendation.

The court accordingly turns its attention to Gorney's age discrimination claim under the ADEA. Judge Carlson analyzed the age discrimination claim

under the *McDonnell Douglas* burden-shifting framework, which is used to review discrimination claims that are based on circumstantial evidence.

The first step of the *McDonnell Douglas* framework requires a plaintiff to establish a prima facie case of age discrimination, which requires a showing that (1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3) the plaintiff was qualified for his position; and (4) the circumstances of the adverse employment decision were sufficient to support an inference of a discriminatory motive. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015) (citing *Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013)). If a plaintiff successfully establishes a prima facie case of age discrimination, the burden of production shifts to the employer, who must "articulate a legitimate nondiscriminatory reason for the adverse employment action." *Id.* (quoting *Jones*, 198 F.3d at 412). The burden then shifts back to the employee, who must show that the proffered legitimate nondiscriminatory reason was a pretext for discrimination. *Id.* (citing *Burton*, 707 F.3d at 426–27).

In this case, Judge Carlson recommends that summary judgment be denied as to Gorney's age discrimination claim. The court has conducted a de novo review of this recommendation and agrees with Judge Carlson's conclusion because an analysis of Gorney's age discrimination claim under the *McDonnell Douglas* burden-shifting framework shows that he has produced sufficient

9

evidence for the claim to survive summary judgment. The court will address Defendant's objections to the contrary seriatim.

### A. Defendant's First Objection Is Overruled Because Gorney Has Established an Adverse Employment Action.

Defendant's first objection is that Gorney has not established a prima facie case of age discrimination because he has failed to establish an adverse employment action. (Doc. 42 at 2–4.) Defendant acknowledges that the USPS disciplined Gorney in the form of two written notices of reprimand, but relies on *Mieczkowski v. York City Sch. Dist.*, 414 F. App'x 441, 446–47 (3d Cir. 2011), for the proposition that a written notice of reprimand does not constitute an adverse employment action absent some demonstration as to how the written notice affected the terms and conditions of the plaintiff's employment. (Doc. 42 at 2–3.) Gorney argues *Mieczkowski* is distinguishable because, unlike the plaintiff in *Mieczkowski*, he has produced evidence showing that the written notices of reprimand affected the compensation, terms, conditions, or privileges of his employment. (Doc. 43 at 4.) The court agrees with Gorney because he has produced evidence from which a reasonable factfinder could conclude that the USPS's written notices of reprimand led to him being denied a promotion, and, in turn, being denied hours and pay. (*See, e.g.*, Docs. 36-3, 36-6, 36-7.) This is sufficient to establish an adverse employment action. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) ("A tangible employment action constitutes a

significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). Accordingly, Defendant's first objection is overruled.

### B. Defendant's Second Objection Is Overruled Because Gorney Has Produced Evidence Showing He Was Treated Less Favorably Than Similarly Situated Younger Individuals.

Defendant's second objection is that Gorney fails to establish a prima facie case of age discrimination because he has not shown that he was treated less favorably than similarly situated younger employees. (Doc. 42 at 4–6.) Defendant argues Gorney has not established that the relevant comparator employees—Ivy Harrison ("Harrison") and Shawn McEachern ("McEachern")—were similarly situated to him. (*Id.* at 5.) Specifically, Defendant notes that Harrison had a different job from Gorney, did not receive the same training as Gorney, and did not have a disciplinary history that was similar to Gorney's. (*Id.*) Defendant notes that Gorney has not introduced any evidence to show that McEachern was similarly situated to him, and also notes that McEachern "was 49 years old in 2009 and therefore in the same protected class as Gorney." (*Id.*) Gorney argues Harrison and McEachern were similarly situated to him because "they held the same position, the same duties, dealt with the same supervisor, were subject to the

11

same standards, and had engaged in similar conduct after receipt of the same training." (Doc. 43 at 5.)

To determine whether employees are similarly situated, a court must engage in a fact-intensive inquiry in which it considers "job function, level of supervisory responsibility and salary, as well as other factors relevant to the particular workplace." *Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 305 (3d Cir. 2004) (citing *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 357 (3d Cir. 1999)). Similarly situated employees generally have "the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Terrell v. City of Harrisburg Police Dep't*, 549 F. Supp. 2d 671, 681 (M.D. Pa. 2008) (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 603 (M.D. Pa. 2002)). To establish that employees are similarly situated, "a plaintiff need not show that [they] are identical in all relevant aspects but rather that they share pertinent similarities." *Archer v. York Cty. Sch. Dist.*, 227 F. Supp. 3d 361, 371 (M.D. Pa. 2016) (citing *Borrell v. Bloomsburg Univ.*, 955 F. Supp. 2d 390, 405 (M.D. Pa. 2013)).

Here, the court concludes that Harrison and McEachern were similarly situated to Gorney because evidence of record indicates that they were performing the same work, worked in the same office, and had the same direct supervisor,

Nicole M. Vanover. (*See, e.g.*, Docs. 29-5, 36-7, 36-8, 36-10.) Gorney has also produced sufficient evidence for a reasonable factfinder to conclude that he was treated differently from similarly situated younger employees. Specifically, evidence of record shows that Gorney and other older employees at the USPS were disciplined for conduct for which younger employees were not disciplined. (*See, e.g.*, Docs. 36-7, 36-8, 36-10.)

Finally, it is irrelevant to Gorney's age discrimination claim that McEachern was 49 years old at the time of the alleged discrimination, because the ADEA "prohibits discrimination on the basis of age and not class membership." *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 71 (3d Cir. 2017) (quoting *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (3d Cir. 1996)). The important question for Gorney's claim is whether McEachern "was sufficiently younger [than Gorney] so as to support an inference of a discriminatory motive," *Willis*, 808 F.3d at 644 (citing *Burton*, 707 F.3d at 426), it is "utterly irrelevant" whether McEachern "was also over the age of forty." *Karlo*, 849 F.3d at 71 (quoting *O'Connor*, 517 U.S. at 313). Accordingly, Defendant's second objection is overruled.

### C. Defendant's Third Objection Is Overruled Because Gorney Has Produced Sufficient Evidence for a Factfinder to Find Pretext.

Defendant's third and final objection is that Gorney has not produced sufficient evidence for a factfinder to conclude that Defendant's proffered

legitimate nondiscriminatory reason was a pretext for discrimination.  (*See* Doc. 41 at 22–23; Doc. 42 at 6–8.)  The court disagrees.  Gorney has produced evidence that he and other older employees at the USPS were disciplined for infractions while younger employees were not disciplined for the same infractions.  (*See, e.g.*, Docs. 36-7, 36-8, 36-10.)  This is sufficient evidence for a reasonable factfinder to conclude that Defendant's proffered legitimate nondiscriminatory reason was a pretext for age discrimination, and at this stage no additional evidence is needed once Plaintiff has made such a showing.  *Burton*, 707 F.3d at 427.  Accordingly, Defendant's third objection is overruled.

## CONCLUSION

For the foregoing reasons, Defendant's objections are overruled, Judge Carlson's report and recommendation is adopted in its entirety, and Defendant's motion for summary judgment (Doc. 27) is granted in part and denied in part.  An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania

Dated: March 24, 2020